UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GENE W. BAUGH                                             CIVIL ACTION NO. 09-cv-1261

VERSUS                                                           JUDGE HICKS

FRYMASTER, LLC                                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Attorney Joel Aziere was admitted pro hac vice, with a designation of Charles E. Schaub as local counsel, to represent Defendants.

Plaintiff and Defendants later filed a Joint Stipulation of Facts (Doc. 24), but the Clerk issued notice of deficiency because the document had been signed on behalf of Defendants by attorney Aziere; the local rules required the signature of local counsel Schaub.

The attorneys attempted to remedy the deficiency by filing another Joint Stipulation of Facts (Doc. 26), this time signed by both Mr. Aziere and attorney Jason E. Wilson. Mr. Wilson was listed as an attorney with the same firm as Mr. Schaub, but he had not previously enrolled in the case. Accordingly, the Clerk of Court issued another notice of deficiency (Doc. 29) because the Defendants were already represented by Mr. Schaub rather than Mr. Wilson.

Defendants then filed a Motion to Substitute attorney Jason Wilson in place of Charles Schaub (Doc. 32), and the Clerk of Court issued a notice of deficiency because the

motion did not bear the signature of the withdrawing Mr. Schaub. The motion stated that Mr. Schaub was formerly an associate at the firm to which Wilson belongs.

The deficiencies noted by the Clerk of Court have not been satisfactorily addressed by counsel, and several filings are subject to being stricken as a result. Rather than further complicate the record and require the refiling of several documents, at the expense of clients, the court will overlook some of the deficiencies and take the following actions.

The **Motion to Substitute Counsel (Doc. 32)** is **granted**, and attorney Jason E. Wilson is substituted in place of Charles E. Schaub as local counsel for Defendants. In light of this enrollment, the Clerk of Court is directed to consider cured the deficiency noted with respect to the Joint Stipulation of Facts (Doc. 26) that was signed by attorney Wilson. This should then be adequate to remove the deficiency from the original Joint Stipulation of Facts (Doc. 24).

The Clerk of Court also issued a notice of deficiency (Doc. 37) with respect to a memorandum that was signed by attorney Aziere but not his local counsel. Under the circumstances, the Clerk is directed to waive this deficiency and any others like it in connection with documents *now of record*. This should straighten out what has become a cluttered and confusing record. With respect to future filings, counsel are directed to ensure that they are signed appropriately and, if a notice of deficiency issues, counsel should act promptly to cure the problem. If counsel are unsure how to address a notice of deficiency, they may call the Docket Clerk for guidance.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of February, 2011.

                                                                                   _____
                                                                                   MARK L. HORNSBY
                                                                                   UNITED STATES MAGISTRATE JUDGE